IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICKEY A. MADDOX, #A0723747, ) | Civ. No. 18-00133 DKW-RLP |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | AND DENYING REQUEST FOR |
| vs. ) | IMMEDIATE RELEASE FROM |
| ) | DETENTION |
| TODD THOMAS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the court are Petitioner Mickey A. Maddox's (1) Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"); and (2) "Request for Preliminary Injunction for Immediate Release From Detention" ("Motion"). ECF Nos. 1, 2. The Petition challenges the judgments of conviction in two separate cases, *State v. Maddox*, Cr. No. 07-1-0139 (Haw. 2d Cir. 2007) ("2007 Case"); and *State v. Maddox*, Cr. No. 09-1-0284 (Haw. 2d Cir. 2009) ("2009 Case").

The court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because the Petition challenges the judgments in two separate state court proceedings, Maddox "must file a separate petition covering the judgment or judgments of each court." Habeas Rule 2(e). Moreover, as discussed below, some

of the claims set forth in the Petition appear to be unexhausted or represent claims that are not cognizable in a Section 2254 Petition. Accordingly, the Petition is DISMISSED with leave granted to amend to file two separate petitions in accordance with the guidance below. Maddox's Request for Immediate Release from Detention is DENIED.

## I. BACKGROUND[1]

### A. State Court Proceedings

On March 19, 2007, Maddox was indicted for attempted escape in the second degree and promoting prison contraband in the first degree in his 2007 Case, Cr. No. 07-1-0139.[2] Although he was in custody on other charges, he was not formally arrested until October 14, 2008.

On April 8, 2009, Maddox moved to dismiss the 2007 Case for violation of his speedy trial rights under the federal and state constitutions and Hawaii Rules of Penal Procedure ("HRPP") 48.

---

[1] These facts are taken from the Petition, its exhibits, court opinions, and the civil and criminal databases in Maddox's cases (available at: http://hoohiki.courts.hawaii.gov/#/search; http://www.courts.state.hi.us/legal_references/records/jims). *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct"); *see also McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (citing facts set forth in unpublished state court opinion).

[2] Also referred to as 2PC071000139 in state court records.

On May 15, 2009, the Circuit Court of the Second Circuit, State of Hawaii ("circuit court") orally ruled that the State had violated HRPP Rule 48 and that the indictment should be dismissed without prejudice. Maddox orally moved to appeal at the hearing and gave a written notice of appeal to his trial counsel to file, although the transcript of the May 15, 2009 hearing has been lost, and the docket does not reflect either motion. *See* Pet'r Ex. J, ECF No. 1-3.

On May 29, 2009, in the 2009 case, the State reindicted Maddox on the same charges that were dismissed in the 2007 Case. Cr. No. 09-1-0284[3]. Maddox, proceeding pro se, immediately filed a "Second Notice of Appeal" in the 2007 Case, appealing the dismissal of the charges *without* prejudice and asserting ineffective assistance of counsel.[4] *See Maddox v. State*, 141 Haw. 196, 200 (Haw. 2017).

On June 2 and 3, 2009, Maddox moved to dismiss the 2009 Case with prejudice and withdrew the Second Notice of Appeal in the 2007 Case, reasoning that it would be moot if the circuit court granted his motion.

---

[3] Also referred to as 2PC109000284 in state court records.

[4] After the 2007 Case's May 15, 2009 dismissal, all filings in the 2007 Case were filed by Maddox pro se, with the exception of his trial counsel's July 15, 2009 motion for additional compensation pursuant to Hawaii Revised Statutes § 802-5.

On June 9, 2009, however, Maddox filed a "Third Notice of Appeal" in the 2007 Case, again appealing its dismissal without prejudice.

On August 25, 2009, the Intermediate Court of Appeals ("ICA") dismissed Maddox's appeal in the 2007 Case for lack of appellate jurisdiction because the circuit court had not yet entered a written order of dismissal. *See State v. Maddox*, 2009 WL 2841282, at *1 (Haw. App. Aug. 25, 2009). The ICA further held, "more significantly for the purpose of appellate review, the entry of a written order of dismissal would not constitute an appealable judgment because the circuit court has not entered any sentence against [ ] Maddox. Thus, Hawaii Revised Statutes [("HRS")] § 641-11 (Supp. 2008) does not authorize [ ] Maddox's appeal." *Id.* (citation omitted).[5]

On January 7, 2010, the circuit court entered its written order dismissing Maddox's 2007 Case without prejudice pursuant to HRPP 48.[6] Maddox says that he was never provided notice that the 2007 Case was formally dismissed and, consequently, he did not appeal.

On or about June 24, 2009, Maddox was released on bond in the 2009 Case.

---

[5]Section 641-11 provides for appeal for "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter," and defines judgment as "the sentence of the court in a criminal case."

[6]The circuit court later corrected this order to reflect that the title should have read "order granting defendant's motion to dismiss." Pet'r. Ex. S, PageID #211, 1/19/2010 Order.

On June 28, 2010, Maddox entered a no contest plea to both counts in the 2009 Case and to a separate charge of terroristic threatening in the second degree in a different case pursuant to a plea agreement. The plea agreement waived Maddox's right to appeal the 2009 Case.

On August 27, 2010, the circuit court sentenced Maddox to probation for five years in the 2009 Case and one year probation for the terroristic threatening offense, to be served concurrently. *See* Cr. No. 09-1-0284, 08/27/2010 Docket Entry. Judgment entered on August 30, 2010. Maddox did not appeal.

On May 5, 2011, the circuit court issued a bench warrant against Maddox for a probation violation. On June 14, 2011, a hearing was held and Maddox was released again on bond pending investigation. Maddox's bond was revoked on or about February 16, 2012. On June 21, 2012, Maddox was arrested in California; he was returned to Hawaii on or about July 9, 2012. The circuit court appointed Maddox counsel for a minimum term hearing to be scheduled before the Hawaii Paroling Authority ("HPA").

On February 19, 2013, Maddox agreed to a second plea agreement in the 2009 Case, in which he admitted to violating the terms and conditions of his probation. He also entered no contest pleas in two other unrelated cases and, on April 25, 2013, the circuit court sentenced him to concurrent terms of

5

imprisonment of ten years and five years in the 2009 Case and concurrent one-year prison terms for the unrelated offenses.

On April 26, 2013, Maddox filed a Petition for Post-Conviction Relief pursuant to HRPP Rule 40 ("Rule 40 Petition") in the 2009 Case alleging numerous grounds for relief regarding both the 2007 and the 2009 Cases.

On August 21, 2014, the circuit court denied the Rule 40 Petition without a hearing, concluding that all grounds for relief were previously ruled upon or raised prior to Maddox entering into the plea agreement in the 2009 Case. This dismissal was without prejudice pending a hearing on Maddox's motion for reconsideration of sentencing credit for time served.

On September 2, 2014, Maddox filed a Motion for Credit for Time in Detention in the 2007 Case.

On January 9, 2015, he filed a Motion to Dismiss in the 2007 Case.

On March 31, 2016, the ICA affirmed the circuit court's Order Denying Petition, finding that all claims for relief in both cases had "been previously ruled upon or have been waived." *See Maddox v. State*, 2016 WL 1600699 (Haw. App. Mar. 31, 2016).

On May 2 and 3, 2016, Maddox filed a (1) Motion for Voluntary Recusal of Judge Richard Bissen; and (2) an HRPP Rule 35 Petition in the 2007 case. *See* Docket, Cr. No. 07-1-0139.

On December 14, 2017, the Hawaii Supreme Court vacated the ICA's Judgment on Appeal and the circuit court's Order Denying Petition and remanded to the circuit court with instructions to conduct an evidentiary hearing on Maddox's "colorable" claims that his trial counsel (1) was ineffective for failing to file an appeal of the dismissal without prejudice of the 2007 Case; and (2) abandoned Maddox during a critical stage of the 2007 Case. *See Maddox*, 141 Haw. at 208. The Hawaii Supreme Court rejected each of Maddox's remaining issues on appeal as either waived or without merit. *See id.*, 208 n.34 (discussing Maddox's thirteen remaining claims).

On January 10, 2018, the Hawaii Supreme Court denied reconsideration. Judgment on appeal was docketed in the 2007 and 2009 Cases on January 16, 2018. The circuit court has not yet scheduled a hearing on the Rule 40 Petition.

**B.**  **The Present Petition**

Maddox filed the present Petition on April 9, 2018. ECF No. 1. He raises seven grounds for relief: (1) Claim 1: Constitutional Violation of Right to Speedy Trial/Denial of Statutorial Right to Appeal (challenging 2007 Case); (2) Claim 2:

Jurisdiction (challenging both cases); (3) Claim 3: Due Process & Equal Protection (challenging both cases); (4) Claim 4: Basic Tools/Records Denied (challenging 2007 Case); (5) Claim 5: Double Jeopardy, Corporal Punishment, Multiplicious Prosecution (challenging both cases);[7] (6) Claim 6: Res Judicata (challenging 2009 Case); and (7) Claim 7: Abandonment of Counsel/Ineffective Assistance (challenging 2007 Case).

## II. **DISMISSAL OF THE PETITION**

"A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Habeas Rule 2(e). In this single Petition, Maddox challenges the separate judgments in the 2007 Case and the 2009 Case. Allowing this single Petition to challenge these two distinct and separate judgments may confuse the issues and thwart the "twin purposes" of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was intended "to promote the finality of state court judgments" by requiring petitioners to fully exhaust each federal claim in the state courts and then timely seek federal habeas corpus review. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005).

---

[7]Maddox alleges that double jeopardy barred his prosecution in both cases because (1) he was "convicted" of the same charges during prison disciplinary proceedings; and (2) the 2007 Case remained open until January 2010 while he was in custody for the 2009 Case.

8

First, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971); 28 U.S.C. § 2254(b)(1).[8] A petitioner's claims are not exhausted until "the state courts [have been given] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). A state "prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review," before bringing his or her claims to federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Maddox's claims alleging his inability to appeal the dismissal without prejudice of the 2007 Case due to ineffective assistance of and abandonment by his trial counsel are awaiting a hearing before the circuit court. While the Hawaii Supreme Court has deemed these claims colorable, it explicitly declined to rule on

---

[8]A habeas petition "shall not be granted unless it appears that– [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

their merits and remanded these claims to the circuit court to determine in the first instance. *See Maddox*, 141 Haw. at 208. Most of Maddox's claims in the present Petition hinge on the resolution of his alleged inability to appeal the 2007 Case. If the circuit court rules that he was denied the ability to appeal based on the ineffectiveness or abandonment of counsel, his appeal may then go forward in the 2007 Case. A favorable ruling on that issue may therefore resolve Maddox's speedy trial, double jeopardy, and due process claims in both cases. Until this happens, however, most of Maddox's claims in the Petition are unexhausted.[9]

Second, a one-year statute of limitation applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(1)[10]

---

[9] The court makes no ruling on whether Maddox *properly* presented his claims to the state courts as federal issues and thus, fully exhausted his federal claims.

[10] Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of-

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could

(continued...)

and (2) (tolling the statute while a "properly filed" State post-conviction petition is pending). The 2007 Case was dismissed on or about January 7, 2010, and Maddox took no further action regarding claims in that case until he filed the Rule 40 Petition in the 2009 Case in 2013. Once the statute of limitation has expired, filing a post-conviction petition does not restart the clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Maddox's claims relating to the 2007 Case may be untimely and subject to dismissal absent equitable tolling of the limitation period.[11] While a new or amended judgment commences a new running of the one-year statute of limitation, *see Smith V. Williams*, 871 F.3d 684, 688 (9th Cir. 2017), no amended judgment has been filed in the 2007 Case.[12]

---

[10](...continued)
        have been discovered through the exercise of due diligence.

[11]Equitable tolling is available when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006); *see also Holland v. Florida*, 560 U.S. 631 (2010).

[12]Maddox's April 25, 2013 resentencing in the 2009 Case represents a new judgment which restarted the statute of limitation in that case. *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that when a defendant is resentenced, he has received a new judgment).

Finally, § 2254 allows a state prisoner to challenge his detention "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). To the extent Maddox challenges the jurisdiction of a Hawaii family court judge to preside over his criminal arraignment (Claim 2), or the addition of extended term sentencing pursuant to Hawaii law in the 2009 Case indictment (Claim 6), these appear to be questions of state law that are not cognizable in this Petition. Similarly, Maddox fails to raise any colorable federal claim regarding the loss of certain transcripts and inaccuracies of the state court dockets (Claim 4).[13]

For these reasons, the Petition is DISMISSED without prejudice to Maddox filing two separate petitions challenging the two separate judgments at issue. If Maddox chooses to file two new petitions, the court will file one petition as an amended petition in the present action and the second petition in a new action, nunc pro tunc to the date the present action was filed. Maddox NEED NOT

---

[13]Maddox claims these incidents show a violation of his right to equal protection, but alleges no facts to support an equal protection claim.

REFILE HIS EXHIBITS. Maddox is cautioned that he must **fully complete** the court's form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and set forth each claim that he has as it relates to each separate judgment. *See* Local Rule LR99.7.10. After filing, the court will screen each petition to determine whether Respondent Thomas shall be required to file an answer to either.

### III. REQUEST FOR IMMEDIATE RELEASE FROM DETENTION

Maddox seeks immediate release "pursuant to Federal Rules of Appellate Procedure Rule 23, and in the interests of justice." Mot., ECF No. 2, PageID #310. He alleges that without an "injunction" ordering his immediate release he will "suffer irreparable injury through continued imprisonment, and shall suffer further irreparable harm (literal pain) from lack of necessary and needed surgery to repair Maddox's multiply fractured ankle (Maddox has been wearing the same cast he was admitted into custody with for nearly 7 years)." *Id.* Maddox asserts that he has served over nine years of his ten-year sentence and the full five-year term on his contraband charge and suggests release is therefore justified in the interests of justice.

Federal Rule of Appellate Procedure 23 applies when a state or federal prisoner's petition for writ of habeas corpus is on appeal (regardless of whether the

petition has been granted or denied). It has no application to petitions on initial review. It is further unclear under Ninth Circuit precedent whether a federal district court has the authority to release a state or federal prisoner pending the resolution of a habeas proceeding pursuant to its authority to issue the writ. *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2265 (2017) (declining to resolve whether a district court has authority to release a federal prisoner pending initial resolution of his § 2255 habeas petition) (citing *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (per curiam) (same, as related to state prisoners pending initial review of § 2254 proceedings)). If the district court has such authority and can release a prisoner pending resolution of a habeas petition, that authority "is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'" *Id.* at 822 (quoting *In re Roe*, 257 F.3d at 1080);[14] *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989).

First, although Maddox argues that he has a high probability of success because the Hawaii Supreme Court has determined that his claims have merit, he is incorrect. The Hawaii Supreme Court held only that Maddox raised *colorable* ineffective assistance of and abandonment by counsel claims regarding the 2007

---

[14]Applying this standard in *In re Roe*, the Ninth Circuit granted the warden's petition for writ of mandate and vacated the district court's release of petitioner on bail pending a decision on his Section 2254 petition. 257 F.3d at 1080-81.

Case sufficient to require an evidentiary hearing under HRPP 40(f). The Hawaii Supreme Court remanded only those claims to the circuit court for an evidentiary hearing. *See Maddox*, 141 Haw. at 208. All of Maddox's other claims were explicitly denied or dismissed as waived or without merit. *Id.* at n.34. It further appears that Maddox's colorable claims are currently unexhausted and time-barred, making his success on the merits in this Petition unlikely.

Second, there is no evidence in the record supporting an inference that Maddox is innocent, thus justifying release pending review of his claims. To the contrary, Maddox admits that he attempted to escape the Maui Community Correctional Center in 2006, possessed contraband when he was apprehended, and violated the terms of his probation in the 2009 Case. The record in the 2009 Case shows that he absconded to another state. As in any habeas proceeding there is "a strong–and in the vast majority of the cases conclusive–presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n.42 (1995).

Third, requiring a prisoner to serve the sentence imposed for his conviction, particularly after he had the opportunity to serve probation and failed, is neither extraordinary, unusual, nor onerous. This is particularly true here, when Maddox's colorable claims have yet to be reviewed by the state court. Similarly, release

would be premature before this court has had the opportunity to properly review Maddox's claims as amended and without input from the State.

Fourth, Maddox's conclusory claim that he requires surgery for his ankle does not support a finding that special circumstances exist based on a serious deterioration of his health. *See Bookwalter v. Steele*, 2018 WL 1784393, at *1 (E.D. Mo. April 13, 2018) (citing *United States v. Mett*, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) (stating special circumstances include a serious deterioration of health while incarcerated). Maddox states that he received this injury during his attempted escape in 2006 and has since received surgery and medical care for the injury. He does not allege facts showing a serious deterioration of his health.

Moreover, "[t]he Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: [1] a petition for habeas corpus, 28 U.S.C. § 2254, and [2] a complaint under . . . 42 U.S.C. § 1983.'" *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). Maddox's claims regarding medical care at the prison are more properly brought in a civil rights suit pursuant to 42 U.S.C. § 1983 in Arizona where he is incarcerated and can be provided relief. If he files a civil rights case, Maddox can seek the treatment he believes is necessary and damages for his claims if they have merit. Maddox chose

to pursue a habeas petition under § 2254, not a civil rights claim under § 1983. He may not use this habeas proceeding to seek release based on conditions of confinement claims that do not sufficiently explain how his continued incarceration during the pendency of this action will cause a serious deterioration of his health.

Maddox fails to show that this is an extraordinary case involving special circumstances or a high probability of success. To the extent he seeks injunctive relief, Maddox fails to establish that he is likely to succeed on the merits or suffer irreparable harm, or that the balance of hardship tips in his favor, and that his release is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). That is, Maddox fails to show that, without a mandatory injunction ordering his immediate release from prison, he will suffer "extreme or very serious damage" or that his conditions of confinement claims are not "capable of compensation in damages." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009). The court "should deny such relief 'unless the facts and law *clearly favor* the moving party.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)) (emphasis added).

Maddox shows no immediate threatened injury and fails to explain what extreme, irreparable injury he will endure by remaining in prison pending the

resolution of this case. His Request for Preliminary Injunction for Immediate Release From Detention is DENIED.

## IV. CONCLUSION

(1) The Petition is DISMISSED. Maddox shall file a separate petition for each judgment of conviction that he challenges on or before June 15, 2018. Maddox shall FULLY COMPLETE the new petitions on the court's approved Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody form. He NEED NOT REFILE COPIES OF HIS EXHIBITS in this case. Failure to timely file the new petitions on court forms will result in dismissal of this action without prejudice for failure to comply with this Order.

(2) The Clerk is DIRECTED to send Maddox **two** copies of the court's form Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Assuming Maddox submits the two new petitions for filing, the Clerk shall file the petition that challenges Cr. No. 07-1-0139 in the present case as an amended petition. The Clerk shall file the petition that challenges Cr. No. 09-1-0284 in a new case, nunc pro tunc to April 9, 2018.

(3) In the alternative, and in light of the court's discussion regarding exhaustion of the claims herein, Maddox may voluntarily dismiss this action in writing on or before June 15, 2018. Such voluntary dismissal would be without

prejudice to Maddox refiling a petition for writ of habeas corpus within one year after his state court proceedings have concluded. *See* 28 U.S.C. § 2244(d).

(4) Maddox's Request for Preliminary Injunction for Immediate Release From Detention, ECF No. 2, is DENIED.

IT IS SO ORDERED.

DATED: May 11, 2018 at Honolulu, Hawaii.



 /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

<u>Mickey A. Maddox v. Todd Thomas</u>; Civil No. 18-00133 DKW-RLP; ORDER DISMISSING PETITION AND DENYING REQUEST FOR IMMEDIATE RELEASE FROM DETENTION

*Maddox v. Thomas*, 1:18-cv-00133 DKW-RLP; HABEAS '18 Maddox 18- 133 dkw (dsm R2, exh, sol, dny imm. rel.)