IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICKEY A. MADDOX, #A0723747,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>TODD THOMAS,<br><br>　　　　Respondent.<br>_____ | Civ. No. 18-00133 DKW-RLP<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR STAY AND ABEYANCE |

Before the court is Petitioner Mickey A. Maddox's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Amended Petition). ECF No. 14. Maddox challenges the Circuit Court of the Second Circuit ("circuit court"), State of Hawaii's, judgment in *State v. Maddox*, Cr. No. 07-1-0139 (Haw. 2d Cir. Jan. 10, 2010), dismissing the proceedings without prejudice for a speedy trial violation under Hawaii Rules of Penal Procedure 48 (HRPP).

Respondent filed a Preliminary Answer to the Amended Petition on October 1, 2018. ECF No. 20. Respondent argues the Amended Petition must be dismissed for lack of jurisdiction and exhaustion, and as time-barred. Maddox filed a Motion for Stay and Abeyance on November 8, 2018, construed also as his Reply. ECF No. 27. Maddox disputes Respondent's characterization of his

claims, although he concedes that his three main issues are unexhausted. He requests a stay and abeyance until the Hawaii courts have resolved his pending state post-conviction petition brought pursuant to HRPP 40, in *Maddox v. State*, S.P.P. No. 13-1-0004 (Haw. 2d Cir.) (Rule 40 Petition; 2PR131000004).

Because Maddox is not in custody pursuant to the judgment in Cr. No. 07-1-0139, however, which is a requirement for relief under 28 U.S.C. § 2254, the court lacks jurisdiction to consider his challenge to that judgment.[1] Moreover, Maddox's claims herein, insofar as they relate to Cr. No. 07-1-0139, are time-barred pursuant to 28 U.S.C. § 2244(d)(1). The Amended Petition is DISMISSED, the Motion for Stay and Abeyance is DENIED, and any request for a certificate of appealability is DENIED.

## I. BACKGROUND

**A. State Court Proceedings**

On March 16, 2007, Maddox was indicted in Cr. No. 07-1-0139 for attempted escape in the second degree (Count One) and promoting prison contraband in the first degree (Count Two), regarding an incident that occurred on June 16, 2006, at the Maui Community Correctional Center. ECF No. 20-1 [Resp't

---

[1] Maddox is in custody pursuant to his conviction and sentence in *State v. Maddox*, Cr. No. 09-1-0284 (2d Cir. 2010). He is challenging that custody in a second federal habeas petition before this Court, *Maddox v. Thomas*, Civ. No. 18-00258 DKW-RLP (D. Haw. 2018)

Ex. A]. Maddox entered a not guilty plea on July 31 and trial was set for October 22, 2007. *Id.* [Ex. B].

On December 23, 2008, after several changes of counsel and continuances of trial, the circuit court appointed Cary Virtue, Esq., to represent Maddox in Cr. No. 07-1-0139. *Id.* [Exs. C, D. E].

On May 15, 2009, the circuit court orally granted Maddox's motion to dismiss the indictment in Cr. No. 07-1-0139,[2] for the State's failure to timely commence trial. *Id.* [Ex. G]. The circuit court dismissed without prejudice, however, continued bail, and set a deadline of June 9, 2009, for the State to refile charges in a new criminal proceeding or the matter would be dismissed with prejudice. *Id.* [Ex. O]. Maddox orally moved to appeal at the hearing and also asked Virtue to file an appeal, but Virtue allegedly said, "he could not represent [Maddox] on appeal . . . , nor could he represent [Maddox] in any manner since the case had been dismissed and his representation terminated at that time." *Id.*, PageID #604 [Ex. N].

On May 29, 2009, the State indicted Maddox in *State v. Maddox*, Cr. No. 09-1-0284 (Haw. 2d Cir.) (filed June 1, 2009), on the same charges that were dismissed in Cr. 07-1-0139. *See id.* [Ex. I]. Maddox, proceeding pro se, filed a

---

[2]Although Virtue technically filed the motion, Maddox composed and wrote it.

written, "second" notice of appeal in Cr. No. 07-1-0139 on this date, and two motions for appointment of counsel, requesting new counsel and appellate counsel to assist on his appeal in Cr. No. 07-1-0139.[3]  *Id.*

On June 9, 2009, Maddox, filed a "third" pro se notice of appeal in Cr. No. 07-1-0139.  *Id.* [Ex. L].

On August 25, 2009, the Intermediate Court of Appeals ("ICA") dismissed Maddox's "third" notice of appeal for lack of jurisdiction.  The ICA held that, because the circuit court never issued a written order dismissing the charges without prejudice, and no sentence was imposed, there was no final appealable order or judgment from which to appeal.[4]  *Id.* [Ex. M; Appeal No. 29886].

On January 7, 2010, the circuit court issued a written Findings of Fact and Conclusions of Law (1/7/2010 FOF/COL) dismissing Cr. No. 07-1-0139 without

---

[3]Maddox was appointed counsel in Cr. No. 09-1-0284, and has been represented throughout those proceedings, including during his pending state post-conviction proceedings. Maddox later withdrew this "second" notice of appeal, but it is unclear whether the circuit court ever addressed these motions for appointment of counsel.

[4]Hawaii Revised Statutes (HRS) § 641-11 states:

Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment. All appeals shall be filed with the clerk of the supreme court and shall be subject to one filing fee.

prejudice for a speedy trial violation pursuant to HRPP 48.[5] *Id.* [Ex. J]. Maddox states that he never received notice of this order, and therefore, never appealed.

On June 28, 2010, Maddox pled no contest in Cr. No. 09-1-0284 pursuant to a plea agreement.[6] *See id.* [Ex. O; FOF/COL and Order and Judgment Denying Without Prejudice Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody, As Amended, Supplemented, and Corrected (8/21/2014 FOF/COL)]. Pursuant to the terms of the plea agreement, Maddox agreed "to withdraw any and all pending motions and/or appeals in said cases," in exchange for concurrent terms of probation in Cr. Nos. 09-1-0284 and 09-1-0675, credit for time served in Cr. No. 07-1-0139 and Cr. No. 09-1-0284, and the State's agreement not to request repeat offender mandatory minimum or extended term sentences. *Id.*, ¶ 39. Maddox was placed on probation on August 27, 2010. *Id.*, ¶ 40.

On June 13, 2011, Maddox was arrested on a probation violation warrant and posted bond. *Id.*, ¶ 43. Maddox and the State jointly stipulated to continue the probation revocation hearing until February 16, 2012. Maddox, however, failed to appear at that hearing and his bail was forfeited and a warrant of arrest was issued.

---

[5]The 1/7/2010 FOF/COL was amended on January 19, 2010, to correct a clerical error. *See* ECF No. 21-1 [ Pet'r Ex. K (Order of Correction)].

[6]Maddox pled no contest in two separate cases: Cr. Nos. 09-1-0284 and 09-1-675 (for terroristic threatening in the second degree), in exchange for concurrent terms of probation for five years in Cr. No. 09-1-0284 and one year in Cr. No. 09-1-0675. Pet'r Ex. O.

Maddox was arrested in California in May and taken into custody in Hawaii on July 9, 2012. *Id.*

On April 25, 2013, Maddox was re-sentenced in Cr. No. 09-1-0284 pursuant to a new plea agreement,[7] to concurrent terms of imprisonment of five years for attempted escape in the second degree (Count One) and ten years for promoting prison contraband in the first degree (Count Two). *Id.* He is currently incarcerated on these sentences.

On April 26, 2013, Maddox, proceeding pro se, filed his Rule 40 Petition in S.P.P. No. 13-1-0004, in which he challenged the judgments in Cr. No. 07-1-0139 and Cr. No. 09-1-0284. *Id.* [Ex. N]. Maddox raised numerous grounds for relief in the Rule 40 Petition, but relevant here, he argued that: (1) if Virtue had delayed filing Maddox's motion to dismiss for a violation of his speedy trial rights in Cr. No. 07-1-039, as Maddox had instructed, the statute of limitation would have run on the charges and they would have been dismissed with prejudice;[8] and (2) if Virtue had pursued an appeal, as Maddox requested, Maddox would have won on

---

[7]The State agreed to concurrent terms in Cr. Nos. 09-1-0284 and 09-1-10675, not request minimum terms of imprisonment, and recommend that Maddox be classified as a level one offender for parole review. ECF No. 21-1[Ex. O].

[8]If Virtue failed to assert the speedy trial issue when he became aware of it, he may have prejudiced a favorable ruling because, under the Sixth Amendment and HRPP 48, courts must weigh the (1) length of the delay, (2) reason for the delay, (3) *defendant's assertion of the right* to a speedy trial, and (4) prejudice to the defendant to determine if there is a violation. *See Barker v. Wingo*, 407 U.S. 514, 530-32 (1972); *State v. Wasson*, 76 Haw. 415, 420 (1996).

appeal and could not have been convicted in Cr. No. 09-1-0284. *See id.,* PageID #603-604 [Ground G].

On August 21, 2014, the circuit court denied Maddox's Rule 40 Petition without prejudice. *Id.* [Ex. O, 8/21/2014 FOF/COL]. Maddox appealed, and on March 31, 2016, the ICA affirmed the circuit court. *Id.* [Ex. Q, CAAP-14-0001108].

On December 14, 2017, the Hawaii Supreme Court found that Maddox stated colorable claims regarding his inability to appeal in Cr. No. 07-1-0139. *Id.* [Ex. T, SCWC-14-0001108]; *Maddox v. State*, 141 Haw. 196, 208 (Haw. 2017). It vacated the ICA's Judgment on Appeal and the circuit court's 8/21/2014 FOF/COL and remanded to the circuit court with instructions to conduct an evidentiary hearing regarding Maddox's claims that Virtue (1) was ineffective for failing to file an appeal; and (2) had abandoned Maddox during a critical stage of the case.[9] *Id.*; *Maddox*, 141 Haw. at 207-08. The Hawaii Supreme Court stated that, if Maddox's allegations regarding Virtue were true, Maddox would be entitled to proceed with an appeal of the order dismissing Cr. No. 07-1-0139 without prejudice. *Id.* The Hawaii Supreme Court rejected all other claims in the Rule 40 Petition as either

---

[9]The Hawaii Supreme Court stated that, if the circuit court finds that Virtue abandoned Maddox on appeal, prejudice would be presumed. *Maddox*, 141 Haw. at 208.

ruled upon, waived, or without merit. *See id.*, PageID #702; *Maddox*, 141 Haw. at 208, n.34 (discussing Maddox's thirteen remaining claims). On January 16, 2018, the Hawaii Supreme Court entered Judgment on Appeal in Cr. Nos. 07-1-0139 and 09-1-0284. Maddox's Rule 40 Petition is awaiting disposition in the circuit court. *See* https://jimspss1.courts.state.hi.us. (2PC071000139) (last visited Jan. 14, 2019).

**B.     Federal Proceedings**

On April 9, 2018, Maddox filed the original Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (original Petition), in which he challenged the respective judgments in Cr. Nos. 07-1-0139 and 09-1-0284, and raised seven grounds for relief.[10]  *See* Pet., ECF No. 1.

On May 11, 2018, the court dismissed the original Petition and directed Maddox to file a separate petition for each judgment that he challenged. *See* May 11, 2018 Order, ECF No. 9. The court notified Maddox that certain of his claims appeared (1) unexhausted, as he was awaiting an evidentiary hearing before the circuit court that had the possibility of granting him the relief he sought; (2) time-

---

[10]These were: (1) "Speedy Trial and Denial of Appeal" (both cases); (2) lack of jurisdiction ( both cases); (3) violation of due process ( both cases); (4) incomplete docket records and denial of transcripts (both cases); (5) Double Jeopardy violations ( both cases); (6) res judicata, based on the threat of greater punishment if Cr. No. 07-1-0139 was dismissed; and (7) Ineffective Assistance and Abandonment of Counsel in Cr. No. 07-1-0139. *See* ECF No. 1-1 [Pet'r Mem. In Support of Petition].

8

barred insofar as they pertained to Cr. No. 07-1-0139; and (3) subject to dismissal as challenges to state law only.

On June 29, 2018, Maddox filed the Amended Petition and a separate Petition pertaining to his claims in Cr. No. 09-1-0284. *See Maddox v. Thomas*, No. 1:18-cv-00258 DKW-RLP (D. Haw. 2018). The court issued a Preliminary Order to Show Cause. ECF No. 17.

The Amended Petition raises six grounds for relief: (1) the Hawaii Supreme Court erred for failing to dismiss Cr. No. 07-1-0139 for structural error, rather than remanding for an evidentiary hearing (Ground One); (2) Same basis as Grount One (Ground Two); (3) double jeopardy regarding his charges in Cr. No. 09-1-0284, while he was still technically in custody under Cr. No. 07-1-0139 (Ground Three); (4) continued violation of right to speedy trial, making Cr. No. 09-1-0284 "void ab initio" (Ground Four); (5) illegal pre-arrest and pre-indictment procedures (Ground Five); and (6) destruction and unavailability of transcripts (Ground Six).

## II. **JURISDICTION**

Title 28 of the United States Code, section 2254(a) states:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*Id.* (emphasis added). "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question [a court] must consider.'" *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (citation omitted). A federal court may not entertain an action over which it lacks jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citations omitted). Subject matter jurisdiction over habeas petitions filed pursuant to § 2254 exists only when, at the time the petition is filed, the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

"A § 2254 petitioner . . . 'seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement.'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (holding that a new judgment renders second-in-time petition not second or successive) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005)). In so holding, *Magwood* relied on § 2254's "requirement of custody pursuant to a state-court judgment," which "distinguishes § 2254 from other statutory provisions authorizing relief from constitutional violations." *Id.* at 333; *Gonzalez v. Sherman*, 873 F.3d 763, 774 (9th Cir. 2017 (holding recalculation of sentencing credits constitutes an amended judgment, and new habeas petition is not second or successive); *see also Smith v. Williams*, 871 F.3d 684, 687-89 (9th Cir. 2017) (holding the statute of limitation in 28 U.S.C. § 2244(d) runs from the judgment

pursuant to which the petitioner is being held, including any amended judgment). "Custody is crucial for § 2254 purposes, but it is inextricable from the judgment that authorizes it." *Magwood*, 561 U.S. at 333.

Maddox is not in custody pursuant to the judgment in Cr. No. 07-1-0139, and has not been in custody in relation to that case since – at the latest – January 2010, when the 1/7/2010 FOF/COL dismissing the charges therein without prejudice was issued. *See Smith*, 871 F.3d at 686-87 (stating that judgment "can only refer to the state judgment pursuant to which the petitioner is being held"). Maddox is in custody pursuant to the judgment of conviction and sentence in Cr. No. 09-1-0284, which is the judgment authorizing his current confinement, and is the conviction and sentence he actually seeks to invalidate. Maddox has a separate, pending habeas petition regarding Cr. No. 09-1-0284, in which he challenges the judgment of conviction based on the allegedly improper dismissal of his charges in Cr. No. 07-1-0139. *See Maddox*, No. 18-cv-00258. While the court makes no determination on the merits of *that* Petition here, it is clear that Maddox has the ability to raise his claims that he is being confined in violation of the "Constitution or laws or treaties of the United States" in that action. 28 U.S.C. § 2254(a).

## III.  28 U.S.C. § 2244(d)(1)

Even if this court has jurisdiction over the Amended Petition, it is time-barred. A one-year statute of limitation applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(1) and (2) (providing tolling of the statute while a "properly filed" State post-conviction petition is pending). The limitation period runs from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under Rule 4(b) of the Hawaii Rules of Appellate Procedure, the conclusion of direct review in Cr. No. 07-1-0139 was February 8, 2010, thirty days after the circuit court entered its 1/10/2010 FOF/COL dismissing the case without prejudice and the time for direct review expired. The statute of limitation would have begun

to run on February 9, 2010, and expired 365 days later, on February 9, 2011. Unless Maddox is entitled to a later date to commence the statute of limitation or equitable tolling, the Amended Petition is time-barred.

### 1. *Delayed Accrual is Unavailable*

Maddox argues that he is entitled to delayed accrual of the limitation period under § 2244(d)(1)(B) until December 14, 2017, when the Hawaii Supreme Court issued its Order and allegedly removed "the time-bar impediment" and declared "that [Maddox] had wrongfully been denied appeal of Case Cr. No. 07-1-0139." Pet'r Mot. For Stay and Abeyance, ECF No. 27, PageID #728. Maddox also suggests that he is entitled to delayed accrual under § 2244(d)(1)(D), because he was never notified that the 1/10/2010 FOF/COL was issued, and was therefore unaware of the factual predicate of his claims.

First, the Hawaii Supreme Court did not declare that Maddox was wrongfully denied an appeal. It remanded the Rule 40 Petition to the circuit court to determine in the first instance *whether* Virtue provided ineffective assistance of counsel and/or abandoned Maddox on appeal. *See Maddox*, 141 Haw. at 207-8. *If* the circuit court concludes that Virtue was ineffective or abandoned Maddox on

appeal, then Maddox will be entitled to proceed with an appeal of the 1/10/2010 FOF/COL.[11]

Second, Virtue's failure to appeal and alleged abandonment does not equate to a state-created impediment, because Virtue's acts or omissions are not attributable to the state. *See Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd on other grounds*, 549 U.S. 327 (2007) (rejecting argument that the state created an impediment by providing incompetent counsel, stating, "[t]his is not the type of State impediment envisioned in § 2244(d)(1)(B)"); *Favela v. Madden*, 2017 WL 1449228, at *4 (C.D. Cal. Mar. 15, 2017) (same); *Ibarra v. Ground*, 2012 WL 3259898, at *3 (C.D. Cal. July 9, 2012), *adopted*, 2012 WL 3257883 (C.D. Cal. Aug. 8, 2012) ("[T]he actions of petitioner's appellate counsel cannot be imputed to the state for purposes of extending the limitations period under § 2244(d)(1)(B).") (citations omitted); *Lopez v. On Habeas Corpus*, 2010 WL 2991689, at *4 (E.D. Cal. July 29, 2010) (same).

---

[11]Maddox's argument that the Hawaii Supreme Court was required to reverse the dismissal without charges in Cr. No. 07-1-0139 under *United States v. Cronic*, 466 U.S. 648 (1984) is misplaced. If the circuit court determines that Virtue abandoned Maddox on appeal, which the Hawaii Supreme Court stated *would be* a structural error, the remedy is remand for a new appeal, not dismissal of the charges with prejudice. *See Penson v. Ohio*, 488 U.S. 75, 88 (1988) (finding structural error for denial of counsel on appeal and remanding to Ohio appellate court to conduct a new appeal).

Third, to establish a sufficient impediment under § 2244(d)(1)(B), a petitioner must demonstrate that the impediment "altogether prevented him from presenting his claims in any form, to any court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original). Maddox must show a causal connection between the impediment and his failure to file a timely petition. *See Bryant v. Arizona Atty. General*, 499 F.3d 1056, 1059-60 (9th Cir. 2007) (citations omitted). Maddox fails to explain why he was able to raise these claims in his Rule 40 Petition on April 26, 2013, but was unable to raise them in a protective federal petition on or before that date. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoner may avoid situation where statutory tolling is unavailable because the state petition was denied as untimely, by filing a protective petition in federal court and asking that court to stay and abey the federal habeas proceedings until state remedies are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Fourth, Maddox knew that Virtue had abandoned him on appeal no later than May 15, 2009, when Virtue told Maddox that he could not or would not represent him on appeal. Maddox thereafter filed two notices of appeal pro se. Maddox also knew or should have known that Cr. No. 07-1-0139 had been dismissed *before* he agreed to plead guilty to the same charges in Cr. No. 09-1-0284. As noted above, Maddox also knew that Cr. No. 07-1-0139 had been formally dismissed no later

15

than April 26, 2013, when he filed his Rule 40 Petition raising the same issues as he raises in the Amended Petition. That is, Maddox has been aware of the factual predicate for his claims for many years, and cannot argue delayed accrual under § 2244(d)(1)(D).

Maddox does not argue a new, retroactively available Constitutional issue under § 2244(d)(1)(D). He did not file his Rule 40 Petition until long after the statute of limitation had expired in Cr. No. 07-1-0139 and is not eligible for tolling under § 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding a post-conviction petition filed after the statute of limitation expires does not reinitiate the limitation period).

### 2. *Equitable Tolling is Unavailable*

A petitioner may be entitled to equitable tolling of the statute upon a showing of extraordinary circumstances. *See Pace*, 544 U.S. at 418 n.8; *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (stating equitable tolling is available when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time."). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).

Maddox does not bear his burden of showing that he is entitled to equitable tolling. He does not explain why he pled no contest in Cr. No. 09-1-0284, if he believed that Cr. No. 07-1-0139 remained open. Maddox was represented by counsel in Cr. No. 09-1-0284 and knowingly and intelligently entered into a plea agreement on the same charges with substantial benefit to him, apparently waiving any further challenge to Cr. No. 07-1-0139. Maddox fails to show that he diligently pursued his rights while he was in pre-trial custody in Cr. No. 09-1-0284, or after he was released on probation and subject to the terms and conditions of probation. When Maddox was arrested on the probation revocation warrant, and knew that he may soon be subject to revocation of probation and the possible imposition of a term of sentence, he took no action to protect his rights, even though he was out of custody between June 2011 and May 2012 and could have easily inquired regarding the disposition in Cr. No. 07-1-0139. Then, after Maddox was arrested in California in May 2012 and was awaiting disposition on the revocation of probation proceedings until April 2013, he did nothing.

Maddox does not show that he diligently pursued his rights or explain how he was prevented from doing so by extraordinary circumstances.[12] The Amended Petition is clearly time-barred.[13]

### III. STAY AND ABEYANCE

Maddox seeks a stay and abeyance of the Amended Petition until the state courts have finally adjudicated his claims. There are two procedures available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. Under *Rhines v. Webber*, a district court may stay a petitioner's "mixed petition" (containing both exhausted and unexhausted claims), while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. 269, 277-78 (2005); *see also King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). A stay under *Rhines* is appropriate only when petitioner has demonstrated good cause for failing to previously exhaust his claims in state court, and is not available if the

---

[12]Maddox filed the Rule 40 Petition more than three years after the 2007 Case was terminated, and only after he was actually incarcerated in 2013 for his conviction in the 2009 case. An application for state post-conviction relief does not revive an expired statute of limitation and a state post-conviction that runs afoul of the statute of limitation is not "properly filed" under § 2244(d)(2). *See Pace*, 544 U.S. at 412-16; *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

[13]Having determined jurisdiction is lacking and the claims are time-barred, the court will not address the parties' arguments concerning exhaustion, except to note that the issues herein are on review at the circuit court.

unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

Under *Kelly v. Small*, the petitioner is granted leave to delete his unexhausted claims, the court will stay and hold in abeyance the exhausted claims while petitioner returns to state court, and when all claims are exhausted, the petitioner may amend the petition to add his newly-exhausted claims. 315 F.3d 1063, 1070-71 (9th Cir. 2003).

The purpose of the stay and abeyance procedures "are directed at solving the same problem – namely, the interplay between [§ 2244(d)'s] one-year statute of limitations and the total exhaustion requirement first articulated in *Rose v. Lundy*, 455 U.S. 509 (1982)." *King*, 564 F.3d at 1136. Here, Maddox's claims are already time-barred, regardless of whether they are unexhausted. Maddox's Motion for Stay and Abeyance is DENIED.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. *See also*, Fed. R. App. P. 22(b). When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quotation omitted). Reasonable jurists would not find the dismissal of the Amended Petition debatable or wrong. Any request for a certificate of appealability is denied.

## V. **CONCLUSION**

The Amended Petition is DISMISSED for lack of jurisdiction. Even presuming jurisdiction, the Amended Petition is time-barred under 28 U.S.C. § 2244(d). Maddox's Motion for Stay and Abeyance and any request for a certificate of appealability are DENIED.

IT IS SO ORDERED.

DATED: January 22, 2019 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

<u>*Mickey A. Maddox v. Todd Thomas, et al.*</u>; Civil No. 18-00133 DKW RLP; **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR STAY AND ABEYANCE**

*Maddox v. Thomas*, No. 1:18-cv-00139 DKW-RLP; PSA's Hab. '19 Maddox (dsm amd pet. 2007 no J, SOL, no stay)